UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE JEFFREY NELSON,

    Petitioner,

                              Case No. 14-13491

v.

                              Honorable Patrick J. Duggan

SHERRY BURT,

    Respondent.

_____/

## ORDER DENYING WITHOUT PREJUDICE
## PETITIONER'S MOTION TO EXPAND THE RECORD

Petitioner Wayne Jeffrey Nelson, proceeding *pro se*, recently filed an application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition indicates that, following a bench trial, Petitioner was convicted of first-degree murder, in violation of Michigan Compiled Laws § 750.316, and armed robbery, in violation of Michigan Compiled Laws § 750.529. In his habeas petition, Petitioner raises sixteen issues regarding his alleged innocence, the fairness of his trial, the validity of a search warrant, the withholding of evidence, and the witnesses' testimony.

Presently before the Court is Petitioner's motion to expand the record, in which he seeks an evidentiary hearing where he can establish that his attorney was not permitted to attend three post-arrest line-ups.

Rule 7(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition. . . ." Rule 8(a), which governs evidentiary hearings in § 2254 cases, provides:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.

To date, Respondent has not filed an answer to the petition or the Rule 5 materials (the records from the state-court proceedings) and has until March 16, 2015 to do so. Because the language of Rule 8(a) makes it clear that the determination of whether or not to hold an evidentiary hearing must be done after a court has the chance to review the answer and attendant Rule 5 materials, Petitioner's request for an evidentiary hearing to expand the record comes too soon. Should the Court ultimately require the record be expanded to include additional materials relevant to the determination of the habeas petition pursuant to Rule 7, the Court will make a determination regarding whether or not to hold an evidentiary hearing.

2

Accordingly, the Court **DENIES** Petitioner's motion to expand the record **WITHOUT PREJUDICE**. If, upon review of the petition, answer, and Rule 5 materials, the Court determines the record requires supplementation, Petitioner's motion will be reconsidered.

Dated: December 10, 2014

             s/PATRICK J. DUGGAN
             UNITED STATES DISTRICT JUDGE

Copies to:

**Wayne Jeffrey Nelson**, 174733
Muskegon Correctional Facility
2400 South Sheridan Road
Muskegon, MI 49442-6298

**Laura Moody, AAG**