UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE JEFFREY NELSON,

        Petitioner,

                                 Case No. 14-13491

v.

                                 Honorable Patrick J. Duggan

SHERRY BURT,

        Respondent.

_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, (2) DISMISSING THE HABEAS CORPUS PETITION WITH PREJUDICE, (3) DENYING AS MOOT PETITIONER'S MOTIONS FOR DISCOVERY, EXPANSION OF THE RECORD, AND APPOINTMENT OF COUNSEL, AND (4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY BUT GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Wayne Jeffrey Nelson ("Petitioner"), a Michigan Department of Corrections prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 2, 2014.  In this petition, which is presently before the Court, Petitioner challenges his convictions for first-degree felony murder, Michigan Compiled Laws § 750.316, and armed robbery, Michigan Compiled Laws § 750.529, on sixteen different grounds.  Also pending before this Court are several recently-filed motions seeking discovery, expansion of the record, and the

appointment of counsel.  Upon being ordered to respond to the petition, Respondent

Sherry Burt ("Respondent") filed a motion for summary judgment seeking

dismissal of the habeas application on the basis that Petitioner's claims are time-

barred by the applicable statute of limitations.

Having thoroughly reviewed the claims asserted in the habeas petition, the

accompanying briefs, and the Rule 5 materials,[1] the Court concludes that Petitioner

is not entitled to the issuance of the writ due to his failure to comply with the one-

year limitations period applicable to § 2254 petitions.  The Court will therefore

grant Respondent's motion, deny Petitioner's pending motions, and dismiss the

habeas corpus petition with prejudice.

## I.   Background

Following a bench trial in 1983, Petitioner was found guilty of first-degree

felony murder, in violation of Michigan Compiled Laws § 750.316(1)(b), and

armed robbery, in violation of Michigan Compiled Laws § 750.529.  On January

12, 1984, the trial court sentenced Petitioner to mandatory life imprisonment for the

murder conviction and to a concurrent term of ten to twenty years in prison for the

---

[1] Rule 5 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, specifically subdivisions (c) and (d), set forth the respondent's obligation to submit state court materials related to the conviction and appeal challenged in any § 2254 proceeding.

armed robbery.[2]  In an appeal as of right, Petitioner alleged that there was

insufficient evidence to support his murder conviction because there was no

evidence of malice.  The Michigan Court of Appeals disagreed and affirmed

Petitioner's convictions in an unpublished, per curiam opinion.  *People v. Nelson*,

No. 77057 (Mich. Ct. App. June 12, 1985).  Petitioner had fifty-six days (until

August 7, 1985) to apply for leave to appeal in the Michigan Supreme Court.  Mich.

Ct. R. 7.302(C)(2).  The Clerk of the Michigan Supreme Court, however, has

certified that Petitioner did not appeal the June 12, 1985 decision of the Michigan

Court of Appeals to the Michigan Supreme Court.  (ECF No. 10-9.)

On June 22, 2000, Petitioner filed a motion for relief from judgment in the

state trial court.  The trial court denied the motion, but Petitioner did not appeal the

denial to either the Michigan Court of Appeals or the Michigan Supreme Court.

On September 2, 2014, Petitioner filed his undated habeas corpus petition.[3]

As grounds for relief, Petitioner asserts the following: (1) he is actually innocent;

(2) he did not receive a fair and impartial trial; (3) the prosecutor withheld

---

[2] Having been incarcerated for over twenty years, Petitioner has been discharged from his armed robbery conviction.

[3] The Court makes note of this fact because, under the prison mailbox rule, a federal habeas petition is deemed filed when the prisoner gives his petition to prison officials for mailing to the federal courts.  *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 n.2 (E.D. Mich. 1999).

3

photographic evidence; (4) there was no probable cause for a search warrant; (5)

Detective Bivens made a false report; (6-7) the State's primary witness, Sandra

Borum, committed perjury at the preliminary examination and at trial; (8-9) Greg

Slaughter and William Benson committed perjury at trial; (10) Officer Johnny

White violated *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963), when he

failed to give Sandra Borum's witness statement to the defense; (11) Officer Isiah

Smith violated *Brady* when he took statements but never turned them over the

defense; (12) an unknown officer violated *Brady* by failing to give Leonell

Phillips's witness statement to the defense; (13-14) Officers Isiah Smith and Robert

Collinash violated *Brady* by failing to give photographs of the crime scene to the

defense; (15) the Detroit police violated *Brady* by failing to give a report taken from

William Benson to the defense; and (16) Officer Bivens violated *Brady* by (a) not

recording or writing down witness statements, (b) not having witnesses sign in for

line-ups, and (c) withholding the show-up sheets.

## II.   Analysis

Respondent Sherry Burt asserts in her motion for summary judgment that the

habeas petition is barred by the statute of limitations and that Petitioner is not

entitled to invoke any doctrine excusing his tardy filing.  The Court must "grant

summary judgment if the movant shows that there is no genuine dispute as to any

4

material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a).

## A.  The Statute of Limitations

Respondent's motion for summary judgment is based on the statute of

limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), which governs this case because Petitioner filed his habeas petition

after AEDPA was enacted.  *Lindh v. Murphy*, 521 U.S. 320, 326-27, 117 S. Ct.

2059, 2063-64 (1997); *Muniz v. Smith*, 647 F.3d 619, 622 (6th Cir. 2011).

AEDPA establishes a one-year period of limitation for state prisoners to file a

federal habeas corpus petition.  *Wall v. Kholi*, 562 U.S. 545, __, 131 S. Ct. 1278,

1283 (2011) (citing 28 U.S.C. § 2244(d)(1)).  The period of limitations ordinarily

runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for seeking
> such review;

> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of the
> United States is removed, if the applicant was prevented from filing by
> such State action;

> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable to
> cases on collateral review; or

5

   (D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  "The limitation period is tolled, however, during

the pendency of 'a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim.'"  *Kholi*,  131

S.Ct. at 1283 (quoting 28 U.S.C. § 2244(d)(2)).

   Petitioner is not relying on a newly recognized constitutional right or on a

factual predicate that could not have been discovered sooner with due diligence, nor

has he demonstrated that the State created an impediment to filing a timely habeas

petition.  The Court therefore looks to 28 U.S.C. § 2244(d)(1)(A) to determine the

date on which Petitioner's convictions became final.

   "Direct review" concludes for purposes of subsection 2244(d)(1)(A) when

the availability of direct appeal to the state courts and to the United States Supreme

Court has been exhausted.  *Jimenez v. Quarterman*, 555 U.S. 113, 119, 129 S. Ct.

681, 685-86 (2009).

   For petitioners who pursue direct review all the way to [the Supreme]
   Court, the judgment becomes final at the "conclusion of direct
   review"—when [the Supreme] Court affirms a conviction on the merits
   or denies a petition for certiorari.  For all other petitioners, the judgment
   becomes final at the "expiration of the time for seeking such
   review"—when the time for pursuing direct review in [the Supreme]
   Court, or in state court, expires.

*Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012).

Petitioner appealed his convictions to the Michigan Court of Appeals, but not to the Michigan Supreme Court.  Therefore, pursuant to *Gonzalez*, Petitioner's convictions became final on August 7, 1985, when the fifty-six day deadline expired for seeking direct review in the Michigan Supreme Court.  However, the time at which Petitioner's conviction became final on direct review occurred prior to the effective date of AEDPA's statute of limitations.  The effective date of this provision was April 24, 1996, long after Petitioner's convictions became final.  Mindful that habeas petitioners did not face a strict limitations period prior to the promulgation of AEDPA, the United States Court of Appeals for the Sixth Circuit has determined "that a habeas petitioner whose conviction became final prior to the effective date of AEDPA would be granted a one-year grace period from th[e] April 24, 1996[ effective] date to file any necessary habeas petition."  *Stokes v. Williams*, 475 F.3d 732, 734 (6th Cir. 2007) (citation omitted).  Consequently, individuals like Petitioner "were permitted to file timely petitions for issuance of the writ of habeas corpus at any time prior to April 24, 1997, or no later than April 23, 1997."  *Id.*

Petitioner did not file his habeas corpus petition until 2014, and even though the limitations period is tolled while a properly filed post-conviction motion is pending in state court, 28 U.S.C. § 2244(d)(2), Petitioner filed his motion for relief

7

from judgment in June of 2000.  By then, the limitations period had long since expired.  His state court post-conviction motion did not operate to revive the limitations period or restart the clock at zero.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)); *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002) (noting that a motion for delayed appeal would not restart the limitation period, nor affect the one-year statute of limitations if the statute of limitations had already run).  This is because at the time the state court motion was filed, there was no time remaining in the limitations period to be tolled.  *Smith v. Stegall*, 141 F. Supp. 2d 779, 782-83 (E.D. Mich. 2001); *Rashid*, 991 F. Supp. at 259 (explaining that the tolling provision of 28 U.S.C. § 2244(d)(2) "can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

On the basis of the foregoing, the instant habeas petition is time-barred absent equitable tolling of the limitations period or a credible showing of actual innocence.

## B.  Equitable Tolling

AEDPA's limitations period "is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560 (2010).  But "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005)); *see also Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (adopting *Holland's* two-part test for determining whether a habeas petitioner is entitled to equitable tolling). The above-quoted language requiring a petitioner to make the requisite showing in order to benefit from equitable tolling places the burden on a petitioner's shoulders. *Holland*, 560 U.S. at 649, 130 S. Ct. at 5262.

As to the first consideration, and taking the delay in the filing of the writ of habeas corpus in this case into account, it seems rather apparent to this Court that Petitioner has not been diligent in pursuing his rights. After AEDPA was enacted in 1996, he waited over three years to file his motion for relief from judgment in state court. Then, after the state court denied his post-judgment motion on September 29, 2000, Petitioner failed to appeal the trial court's decision, and waited in excess of fourteen additional years to file his habeas corpus petition. Such a prolonged delay does not demonstrate a persevering determination to perform a task, and Petitioner, therefore, fails to demonstrate that equitable tolling is proper in this case.

Petitioner also has not shown, nor even alleged, that some extraordinary circumstance prevented him from filing a timely habeas petition. The Court

therefore concludes that Petitioner is not entitled to equitable tolling of the limitations period.

### C.  Actual Innocence

Petitioner contends that he is entitled to have his claims considered on the merits because he is actually innocent of the crimes for which he was convicted. The Supreme Court has held that actual innocence, if proved, serves as a gateway through which a habeas petitioner may pass when the impediment to consideration of the merits of a petitioner's constitutional claims is the expiration of the statute of limitations.  *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928 (2013).  The Supreme Court cautioned, however, that "tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 868 (1995)).

Petitioner has not presented the Court with any new evidence of actual innocence.  He merely relies on the testimony at trial, which the Michigan Court of Appeals deemed sufficient to convict Petitioner of aiding and abetting first-degree felony murder and armed robbery.  Therefore, Petitioner's claim of actual innocence is not a tenable basis for consideration of the substantive merits of his

constitutional claims.

### III.   Certificate of Appealability

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*.  Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, a certificate of appealability shall not issue. However, because Petitioner was permitted to proceed *in forma pauperis* in this Court, Petitioner may proceed *in forma pauperis* without further authorization should he choose to seek a certificate of appealability from the United States Court of Appeals for the Sixth

Circuit.  Fed. R. App. P. 24(a)(3).

## IV.   Conclusion

For the reasons set forth in this Opinion and Order, Petitioner's application for writ of habeas corpus must be dismissed for failure to comply with the one-year statutory limitations period.  Petitioner has not discharged his burden of demonstrating an entitlement to equitable tolling nor has he alleged a credible claim of actual innocence.  Having determined that the petition must be dismissed, the Court need not address the remaining pending motions filed by Petitioner.

Accordingly,

**IT IS ORDERED** that Respondent's Motion for Summary Judgment and Dismissal of the Petition (ECF No. 9) is **GRANTED** and the Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED** with prejudice;

**IT IS FURTHER ORDERED** that Petitioner's motions for discovery (ECF No. 11), for expansion of the record (ECF No. 13), and for appointment of counsel (ECF No. 14) are **DENIED** as moot;

**IT IS FURTHER ORDERED** that a certificate of appealability **SHALL NOT ISSUE** but that Petitioner is authorized to proceed *in forma pauperis* should he file a certificate of appealability in the appellate court.

Dated: June 8, 2015

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

**Wayne Nelson**, #174733
Muskegon Correctional Facility
2400 S. Sheridan Road
Muskegon, MI  49442-6298

**Laura Moody, A.A.G.**
**Linus R. Banghart-Linn, A.A.G.**

13