UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE NELSON,

           Petitioner,

v.

SHERRY BURT,

           Respondent.

_____/

Case No. 2:14-cv-13491

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER
DENYING MANDAMUS PETITION [22],
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner Wayne Nelson filed a mandamus petition to compel or direct Respondent to produce discovery. ECF 22. Nelson sought discovery materials even though he was convicted more than thirty-six years ago, ECF 15, PgID 594, and the judgment in the case was affirmed more than four years before he filed the mandamus petition, ECF 21.[1] Because Nelson has no right to mandamus relief, the Court will deny the petition.

**BACKGROUND**

In the interest of judicial economy, the Court will adopt the background section of Judge Duggan's opinion and order denying the petition for habeas corpus. ECF 15, PgID 594–96.

---

[1] The case was initially assigned to the Honorable Patrick J. Duggan. It was reassigned on March 1, 2021.

Nelson appealed Judge Duggan's opinion and judgment that denied habeas relief. ECF 18. But the Sixth Circuit declined to issue a certificate of appealability. ECF 21. And more than four years later, Nelson filed the pending petition for a writ of mandamus. ECF 22. Nelson now seeks discovery materials that he claims were never provided to him, despite a state court's order granting his motion for discovery in his criminal case. *Id.* at 627–30.

## DISCUSSION

I.   <u>Writ of Mandamus</u>

Under the All Writs Statute, 28 U.S.C. § 1651, "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). The mandamus remedy, however, "is a drastic one, to be invoked only in extraordinary situations." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980) (citation omitted). To ensure that the writ will issue only in extraordinary circumstances, the party seeking a mandamus petition must "have no other adequate means to attain the" desired relief, and he or she must show that the right to the writ is "clear and indisputable." *Id.* at 35 (citations and quotations omitted).

While Nelson petitioned for the writ of mandamus to acquire discovery materials, he, as a litigant in a habeas corpus action, "is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Although the Court may, "for good cause shown," authorize a party to conduct discovery under Rule 6(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, a habeas petitioner must "present[] specific allegations showing

2

reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Cornwell v. Bradshaw*, 559 F.3d 398, 410 (6th Cir. 2009) (quoting *Lott v. Coyle,* 261 F.3d 594, 602 (6th Cir. 2001)).

Nelson is seeking to enforce a state court's discovery order that was entered in his state criminal case in July 1983. ECF 22. The order allowed defense counsel "to examine, and/or be furnished" with witness statements, Nelson's statements, the investigator's report, all preliminary complaint reports about the case, Nelson's arrest and conviction record, "[a]ll scientific and laboratory reports[,]" and "[a]ll corporeal and photographic lineup sheets." ECF 22, PgID 630. The order also allowed defense counsel to view visual and physical evidence in the custody of the police. *Id.*

The present habeas case is closed, and "a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought." *Haggard*, 421 F.2d at 1386. Nelson's case was time-barred when he filed it in 2014, *see* ECF 15, and he has failed to show good cause for conducting discovery now. The mandamus request "falls more in the category of a fishing expedition[,]" and a district court is not required to grant "a fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Nelson also has not shown that if the facts were fully developed, habeas relief would be appropriate. He merely claims that, decades after his conviction, he has not received discovery materials in his state criminal case. ECF 22. But "[t]here is no general constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), and "the Due Process Clause has little to say regarding the

amount of discovery which the parties must be afforded," *Wardius v. Oregon*, 412 U.S. 470, 474 (1973).

Should Nelson need discovery materials to support a motion for relief from judgment in the state trial court, his remedy is with that court. The Court lacks the authority to enforce the state court's discovery order. *See Haggard*, 421 F.2d at 1386 ("[F]ederal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties[.]").

II.   Certificate of Appealability and In Forma Pauperis Status on Appeal

To appeal the Court's decision, Nelson must obtain a certificate of appealability. To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Nelson must show that reasonable jurists could debate whether the Court should have resolved the mandamus request in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Here, jurists of reason would not debate the Court's denial of the request. The Court will therefore deny a certificate of appealability.

The Court will also deny Nelson leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* 28 U.S.C. § 1915(a)(3).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Petitioner's mandamus petition [22] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 18, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 18, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager